UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| THE WIRELESS ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:20-cv-00043-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KENTUCKY 911 | ) | |
| SERVICES BOARD, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

This matter is before the Court on the Defendants' Motion for Leave to File an Amended Answer. [R. 44.] Defendants desire to remove "a defense based on failure to name indispensable parties, and to add a defense that one or more of the statutes on which the amended complaint depends . . . are invalid and unconstitutional . . . ." *Id.* at 1.

Defendants aver that Plaintiff Wireless Association has no objection to the amendment. To confirm, Magistrate Judge Edward Atkins ordered any party with an objection to the proposed amendment to so file by January 3, 2023. [R. 46.] The Court has not received any objections.

Federal Rule of Civil Procedure 15(a)(2) allows parties to amend their pleadings with leave of the Court and instructs the Court to "freely give leave when justice so requires." Conversely, "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). Where the underlying facts support a claim, courts grant leave to amend unless there is a showing of "undue delay, undue

prejudice to the opposing party, bad faith dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Here, there is little reason to suspect that granting the amendment will prejudice The Wireless Association. Given the opportunity to object, they have not done so. Moreover, the Defendants claim that the amendment will raise new legal issues, rather than factual issues, that will not require further discovery and can be disposed of via a dispositive motion. [R. 44 at 2.] Likewise, there is no reason to suspect undue delay or dilatory motive as discovery will not be completed until March 22, 2023. [R. 43]; *cf. Duggins*, 195 F.3d at 834 (undue delay where amendment sought after the close of discovery).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion for Leave to Amend **[R. 44]** is **GRANTED**; and,

2. The Clerk is **DIRECTED** to file the Defendants' Proposed Amended Answer **[R. 44-1]** as an Amended Answer in this matter.

This the 4th day of January 2023.

Gregory F. Van Tatenhove
United States District Judge