UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CASE NO. 3:20-CV-00043-GFVT
*Electronically Filed*

CTIA – THE WIRELESS ASSOCIATION                  PLAINTIFF

v.

KENTUCKY 911 SERVICES BOARD, *et al.*                  DEFENDANTS

**DEFENDANTS' FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

Come the Defendants, the Kentucky 911 Services Board, Josiah Keats in his official capacity as Chair of the Kentucky 911 Services Board, Mike Sunseri, as Administrator of the Kentucky 911 Services Board, and Unknown Board Members of the Kentucky 911 Services in their official capacities (collectively, "the Board"), by and through counsel, and for their First Amended Answer to the First Amended Complaint, hereby state as follows:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

1. The Defendants admit the allegations contained in paragraphs 14, 15, 18, 25, 27, 33, 46, 61, 67, and 72 of the First Amended Complaint.

2. The Defendants deny the allegations contained in paragraphs 83, 84, 85, 86, 87, 89, 99, 102, 103, 104, 107, 108, 109, 110, 111, 122, 123, 124, 125, 126, 132, 133, 134, 135, 141, and 142 of the First Amended Complaint.

3. The Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraphs 10, 11, 12, 21, 22, 23, 26, 32, 34, 41, 42, 43, 64, 97, 98, 105, and

1

118 and thus deny the same.

4. With respect to paragraphs 3, 4, 5, 6, 7, 8, 9, 13, 63, 73, 88, 106, 112, 113, 127, 128, 136, 137, 140, 143, and 144, these paragraphs call for legal conclusions to which the Defendants are not required to provide a response. However, to the extent these paragraphs are determined to contain factual allegations, they are denied.

5. Paragraphs 17, 19, 20, 28, 29, 30, 31, 38, 39, 40, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 65, 66, 68, 69, 70, 71, 75, 76, 77, 79, 80, 81, 82, 91, 92, 93, 95, 96, 100, 101, 115, 116, 117, 119, 120, 121, 130, 131, and 139 purport to quote from or contain citations to Constitutional provisions, statutes, regulations, publications, guidance, and/or cases. The Defendants state that these Constitutional provisions, statutes, regulations, publications, guidance, and/or cases speak for themselves. To the extent these paragraphs are determined to contain factual allegations, they are denied.

6. With respect to paragraph 1, the Defendants admit that the *federal* Lifeline subsidy is $9.25 per month and voice-only subsidy is $5.25 per month. The Defendants are without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and thus deny the same.

7. With respect to paragraph 2, the Defendants admit that Kentucky Governor Andy Beshear signed 2020 Ky. Acts c. 37, §1 (2020 HB 208), which amended the KRS 65.7636. The remaining allegations of this paragraph are denied.

8. Defendants admit that Josiah Keats is the Chair of the E911 Board, and that Mike Sunseri is the Administrator of the E911. As the Unknown Members are unknown, the Defendant is without sufficient knowledge to admit or deny the allegations concerning these Unknown Members, and thus denies the same.

9. With respect to paragraph 24, the Defendants state that the cited publication speaks for itself. The Defendants are without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and thus deny the same.

10. With respect to paragraphs 35 and 36, the Defendants admit that the *federal* subsidy is $9.25, but state that this omits the Kentucky subsidy Lifeline providers receive.

11. With respect to paragraph 37, the Defendants state that the Lifeline program is clearly a benefit to low-income families. However, the Defendants are without sufficient knowledge to admit or deny the specific allegations of this paragraph, and thus, deny the same.

12. With respect to paragraph 74, the Defendants reassert their responses to paragraphs 1-73 as if fully set forth below.

13. With respect to paragraph 90, the Defendants reassert their responses to paragraphs 1-89 as if fully set forth below.

14. With respect to paragraph 114, the Defendants reassert their responses to paragraphs 1-113 as if fully set forth below.

15. With respect to paragraph 129, the Defendants reassert their responses to paragraphs 1-128 as if fully set forth below.

16. With respect to paragraph 138, the Defendants reassert their responses to paragraphs 1-137 as if fully set forth below.

17. Each and every allegation not specifically admitted herein is denied.

### **THIRD DEFENSE**

The claims contained in the First Amended Complaint are barred by the applicable statute of limitations and/or by laches.

## FOURTH DEFENSE

The claims contained in the First Amended Complaint are barred by the doctrines of license, release, estoppel and/or waiver.

## FIFTH DEFENSE

The Plaintiff lacks standing to pursue the claims asserted.

## SIXTH DEFENSE

One or more of the statutes that form the basis of the claims in the First Amended Complaint, including without limitation 47 U.S.C. § 1510 and 47 U.S.C. § 254, are unconstitutional and invalid, either as a whole or in part, under the Constitution's anti-commandeering principle and thus cannot be enforced or have any preemptive effect. Any claim in the First Amended Complaint based on such an unconstitutional statute is barred.

## SEVENTH DEFENSE

The First Amended Complaint is barred by the doctrine of *res judicata* and/or by the mandate of the Sixth Circuit Court of Appeals issued in this case.

## EIGHTH DEFENSE

The First Amended Complaint is barred by sovereign, governmental, and/or qualified immunity.

## NINTH DEFENSE

The First Amended Complaint fails to articulate facts sufficient to confer jurisdiction upon this Court.

WHEREFORE, the Defendants respectfully request that this Court:

a. Dismiss this Complaint and the Plaintiff take nothing thereby;

b. For an award of its attorneys' fees and expenses; and

c. To any and all other relief to which it may be entitled.

                                                  Respectfully submitted,

                                                  /s/Shawn D. Chapman

| | |
|---|---|
| Jacob C. Walbourn (KBA No. 93870) | Shawn D. Chapman (KBA No. 89499) |
| Public Protection Cabinet | Public Protection Cabinet |
| Office of Legal Services | 500 Mero St., 218NC |
| 500 Mero St., 218NC | Frankfort, Kentucky 40601 |
| Frankfort, Kentucky 40601 | Telephone: (502) 782-1868 |
| Telephone: (502) 782-0719 | ShawnD.Chapman@ky.gov |
| Fax: (502) 564-3969 | |
| Jacob.Walbourn@ky.gov | |

August Lincoln Pozgay (KBA No. 99173)
Kentucky Real Estate Authority
Public Protection Cabinet
500 Mero Street, 2NE09
Frankfort, Kentucky 40601
Telephone: (502) 782-0714
August.Pozgay@ky.gov

*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2022, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

/s/Shawn D. Chapman  
*Counsel for Defendants*